UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                          )
                                                )
DIAMOND T. ENTERPRISES, LLC,                    )      Case No. 12-33273 EEB
                                                )
                        Debtor.                 )      Chapter 11
                                                )

**OBJECTION TO MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE BANKRUPTCY ESTATE BY PRIVATE SALE FREE AND CLEAR OF LIENS**

The Colorado Department of Revenue ("CDOR"), by and through John W. Suthers, Attorney General, hereby responds as follows to the Motion for Authority to Sell Personal Property of the Bankruptcy Estate by Private Sale Free and Clear of Liens (the "Sale Motion," Docket No. 63):

**CDOR's Wage Withholding Claim**

1. On November 20, 2012, CDOR filed Claim No. 2-1, as a secured claim, in the amount of $8,534.00 for unpaid wage withholding, interest, and penalties. The Debtor's pre-petition failure to remit Colorado payroll taxes spans the period of January 2012 through October 2012.

2. Since filing bankruptcy, the Debtor has continued its practice of not remitting payroll taxes to CDOR. *See e.g.* the Debtor's Small Business Monthly Operating Report for May 2013 (Docket No. 62), in which the Debtor responds affirmatively to Question 3 on page 1 ("Did you pay your employees on time?") responds negatively to Question 5 on page 1 ("Have you filed all of your tax returns and paid all of your taxes this month?"), and lists Colorado withholding as an unpaid bill on page 25 of the report.

3. 28 U.S.C. § 959(b) provides, in pertinent part, that "a debtor in possession … shall manage and operate the property in [its] possession … according to the requirements of the valid laws of the State in which such property is situated …." 28 U.S.C. § 960(b) requires a debtor in possession to timely pay post-petition taxes, subject to several exceptions not applicable here.

4. Section 39-22-604(7), C.R.S., requires employers to withhold Colorado income taxes from their employees' wages and remit the amounts withheld to CDOR. Section 39-22-604(7)(a), C.R.S., further provides:

> Every employer who deducts and withholds any amounts under the provisions of this section shall hold the same in trust for the state of Colorado for the payment thereof to the department in the manner and at the time provided for in this

> section, and *the state of Colorado and the department shall have a lien to secure the payment of any amounts withheld and not remitted as provided in this section upon all of the assets of the employer* and all property, including stock in trade, business fixtures, and equipment, owned or used by the employer in the conduct of his business, so long as any delinquency continues, *which lien shall be prior to any lien of any kind whatsoever*, including existing liens for taxes.

Emphasis added.

5. In *ITT Diversified Credit Corp. v. Couch,* 669 P.2d 1355 (Colo. 1983), the Colorado Supreme Court interpreted Colorado's "first and prior" statutory tax liens for sales taxes and wage withholding. With respect to the wage withholding lien, the Court held that "[t]he statute gives the State of Colorado a lien upon all of the employer's assets and all property used in the conduct of his business for as long as the delinquency continues." *Id*. at 1365. The Court went on to say:

> [P]ublic policy favors authorizing the state to enforce its right to collect taxes due and owing to it by enacting statutes giving liens priority. It is essential, in order that the state may collect its revenue and carry on the public business, to make such tax a paramount lien; and, in justice to property owners and taxpayers generally, such tax ought to be a paramount lien, and the same ought to be enforced.

*Id*. at 1365-66; internal citations omitted. See also *Pima Financial Service Corp. v. Intermountain Home Systems, Inc.*, 786 F.Supp. 1551, 1561 (D. Colo. 1992), in which Judge Kane held that "[u]nder Colorado state law, liens for withholding and sales and use taxes are entitled to priority over all other liens."

### The Sale Motion

6. The Sale Motion seeks to sell a trailer free and clear of liens pursuant to 11 U.S.C. § 363(f). Paragraph 13 of the Motion states that "[t]he Debtor intends to use all of the cash received from the proceeds of the sale to continue to fund operating expenses in the ordinary course of business, including protection and preservation of the remaining secured collateral, insurance, and maintenance of the Debtor's office space."

7. The Debtor thus seeks Court approval to liquidate an asset on which CDOR holds a senior statutory lien in order to pay current operating expenses. The Debtor apparently is unable to pay current operating expenses from current operating income. Even worse, from CDOR's point of view, the Debtor is withholding Colorado payroll taxes and using state trust funds to cover operating losses. These circumstances strongly suggest that the Debtor's operations should not go forward.

8. Accordingly, CDOR does not consent to the proposed sale.

9. 11 U.S.C. § 363(f) sets forth five circumstances in which a sale free and clear of interests may be authorized. One of the circumstances is that the interest is in bona fide dispute. The Sale Motion, at paragraphs 16 through 18, disputes the interests of International Bank and the Internal Revenue Service. However, the Sale Motion does not allege that the Debtor disputes CDOR's interest.

10. The Debtor therefore is forced to resort to 11 U.S.C. § 363(f)(5), which provides that a trustee or debtor in possession may sell free and clear of an interest if the entity holding the interest "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

11. Paragraph 20 of the Sale Motion cites Section 39-20-104, C.R.S., in support of the proposition that CDOR could be compelled to accept a money satisfaction of its statutory lien. That section states that if property "is subject to a lien for the payment of any tax due the state of Colorado, the executive director of the department of revenue may issue a certificate of any part of the property subject to the lien if he finds that the fair market value of that part of such property remainng subject to the lien is at least double the amount of the liability remaining unsatisfied in respect to such tax and the amount of all prior liens upon such property." The operative word in that sentence is "may." The fact that CDOR's executive director *may*, in her discretion, release property from a tax lien does not suggest that CDOR could be *compelled* to do so. In fact, the statute indicates precisely the opposite.

12. More generally, virtually any lien creditor, including CDOR, can be compelled to release a lien if the Debtor tenders payment in full of the lien creditor's claim. As noted by *Collier on Bankruptcy* ¶ 363.06[6] (16th Ed. 2013), "[a]pplicable nonbankruptcy law may recognize a monetary satisfaction when the lienholder is to be paid in full out of the proceeds of the sale or otherwise. Thus, a sale free of a first mortgage might be approved when the proceeds are sufficient to pay in full the first mortgagee and the second mortgagee has consented to the sale."

13. Another commentary has noted:

Read broadly, [Section 363(f)(5)] would automatically permit sale free of such common encumbrances as mortgages, tax liens, and mechanic's liens because the law in every jurisdiction provides that such liens must be released if a full satisfaction is tendered. On this broad reading, it would not be necessary for the proposed bankruptcy sale to actually produce a full satisfaction; all that would be necessary would be for the interest to be one of those interests that, in some hypothetical proceeding, could be forced to be released *if* a full money satisfaction were rendered. Such a broad reading has been rejected on the grounds that it would make subsections (f)(1) through (f)(4) largely unnecessary.

> In particular, subsection (f)(1), dealing with consent, would become almost meaningless if subsection (f)(5) could be used automatically to compel acceptance of less than full satisfaction.

Collen, *"What Do the Subsections of Section 363(f) Really Mean? A Primer on Selling Free and Clear of Interests,"* Journal of Bankruptcy Law and Practice (September/October 1997), at 576-77.

14. Here, the Debtor is not offering to pay CDOR in full from the proceeds of the proposed sale. Instead, the Debtor is proposing to apply the proceeds to the Debtor's operating losses. Since no subsection of Section 363(f) is satisfied with respect to CDOR's interest in the trailer, the proposed sale cannot be approved.

WHEREFORE, the Colorado Department of Revenue requests that the Sale Motion be denied.

Respectfully submitted this 31st day of July, 2013.

        JOHN W. SUTHERS
        Attorney General


/s/ *James B. Holden*
JAMES B. HOLDEN, 09020
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado 80203
Direct dial: 720-508-6340
Facsimile: 720-508-6038
E-mail: james.holden@state.co.us

Attorneys for Colorado Department of Revenue

## CERTIFICATE OF SERVICE

I certify that on July 31, 2013, a true and correct copy of the foregoing **OBJECTION TO MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE BANKRUPTCY ESTATE BY PRIVATE SALE FREE AND CLEAR OF LIENS** was emailed to Kenneth J. Buechler at ken@kjblawoffice.com, and that on August 1, 2013 paper copies will be served by placing same in the United States Mail, first-class postage prepaid, addressed to the following:

Kenneth J. Buechler
1621 18th Street, Suite 260
Denver, CO 80202

Diamond T Enterprises,LLC
208 Prospect St., Suite A
Trinidad, CO 81082

Alan K. Motes
Office of the United States Trustee
999 18th Street, Suite 1551
Denver, CO 80202

/s/ James B. Holden