## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| DIAMOND T. ENTERPRISES, LLC, | ) Case No. 12-33273 EEB |
| | ) Chapter 11 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| INTERNATIONAL BANK, | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| DIAMOND T ENTERPRISES, LLC, | ) |
| Respondent. | ) |

### RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362

Diamond T. Enterprises, Debtor-in-Possession herein ("Debtor"), through its undersigned counsel, respectfully submits its Response in Opposition to the Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362 filed by International Bank ("Bank"), and states as follows:

### RESPONSE TO MOTION

1. The Debtor admits the allegations of paragraph 1 of the Motion.

2. The Debtor admits the allegations of paragraph 2 of the Motion.

3. As to the allegations of paragraph 3 of the Motion, the Debtor admits that the Bank seeks such relief but denies that the Bank is entitled to relief from the automatic stay.

4. The Debtor admits the allegations of paragraph 4 of the Motion.

5. The Debtor admits the allegations of paragraph 5 of the Motion.

6. The Debtor admits the allegations of paragraph 6 of the Motion.

7. The Debtor admits the allegations of paragraph 7 of the Motion.

-1-

8. The Debtor admits the allegations of paragraph 8 of the Motion.

9. Aa to the allegations of paragraph 9 of the Motion, the Debtor admits that Mr. Kenneth Torres is an insider of the Debtor as defined by the Bankruptcy Code.

10. The Debtor asserts that the allegations of paragraph 10 call for a legal conclusion which are denied.

11. The Debtor asserts that the allegations of paragraph 11 call for a legal conclusion which are denied.

12. As to the allegations of paragraph 12 of the Motion, the Debtor admits that Mr. Torres' bankruptcy case was recently converted to a case under Chapter 7. The Debtor denies the remaining allegations.

13. The Debtor admits the allegations of paragraph 13 of the Motion and all subparts thereof.

14. The Debtor admits the allegations of paragraph 14 of the Motion.

15. The Debtor admits the allegations of paragraph 15 of the Motion.

16. The Debtor admits the allegations of paragraph 16 of the Motion.

17. The Debtor denies the allegations of paragraph 17 of the Motion.

18. The Debtor denies the allegations of paragraph 18 of the Motion.

19. The Debtor denies the allegations of paragraph 19 of the Motion.

20. The Debtor admits the allegations of paragraph 20 of the Motion and all subparts thereof.

21. The Debtor admits the allegations of paragraph 21 of the Motion.

22. The Debtor denies the allegations of paragraph 22 of the Motion.

23. The Debtor denies the allegations of paragraph 23 of the Motion.

24. The Debtor denies the allegations of paragraph 24 of the Motion.

25. The Debtor admits the allegations of paragraph 25 of the Motion and all subparts thereof.

26. The Debtor denies the allegations of paragraph 26 of the Motion.

27. The Debtor denies the allegations of paragraph 27 of the Motion.

28. The Debtor denies the allegations of paragraph 28 of the Motion.

29. The Debtor admits the allegations of paragraph 29 of the Motion and all subparts thereof.

30. The Debtor denies the allegations of paragraph 30 of the Motion.

31. The Debtor denies the allegations of paragraph 31 of the Motion.

32. The Debtor denies the allegations of paragraph 32 of the Motion.

33. The Debtor admits the allegations of paragraph 33 of the Motion.

34. The Debtor admits the allegations of paragraph 34 of the Motion and all subparts thereof.

35. The Debtor denies the allegations of paragraph 35 of the Motion.

36. The Debtor denies the allegations of paragraph 36 of the Motion.

37. The Debtor denies the allegations of paragraph 37 of the Motion.

38. The Debtor admits the allegations of paragraph 38 of the Motion.

39. The Debtor admits the allegations of paragraph 39 of the Motion and all subparts thereof.

40. The Debtor admits the allegations of paragraph 40 of the Motion.

41. The Debtor admits the allegations of paragraph 41 of the Motion.

42. The Debtor admits the allegations of paragraph 42 of the Motion.

43. The Debtor denies the allegations of paragraph 43 of the Motion as the underlying documents speak for themselves.

44. The Debtor denies the allegations of paragraph 44 of the Motion.

45. The Debtor takes no position on the bankruptcy of Mr. Kenneth Torres or the relief requested by the Bank in such case, so long as such relief does not adversely impact

the Debtor in this bankruptcy case. To the extent the Bank's relief in Mr. Torres' bankruptcy case will impact the Debtor, the Debtor opposes such relief.

46. The Debtor denies the allegations of paragraph 46 of the Motion.

47. The Debtor denies the allegations of paragraph 47 of the Motion.

48. To the extent the allegations of paragraph 48 call for a legal conclusion, the Debtor denies the allegations. The Debtor denies all remaining allegations of paragraph 48 of the Motion.

49. To the extent the allegations of paragraph 49 call for a legal conclusion, the Debtor denies the allegations. The Debtor denies all remaining allegations of the paragraph.

50. To the extent the allegations of paragraph 50 call for a legal conclusion, the Debtor denies the allegations. The Debtor denies all remaining allegations of the paragraph.

51. To the extent the allegations of paragraph 51 call for a legal conclusion, the Debtor denies the allegations. The Debtor denies all remaining allegations of the paragraph.

52. As to the allegations of paragraph 52, the Debtor admits that certain property is cross-collateralized between the Debtor, Mr. Kenneth Torres and other family members related to Mr. Torres. The Debtor admits that the real estate owned by Mr. Torres is not necessary to the Debtor's reorganization. The Debtor admits that it leases its office space from an entity owned by relatives of Mr. Kenneth Torres, and that its office space is necessary for an effective reorganization. To the extent the allegations of paragraph 52 call for a legal conclusion, the Debtor denies the allegations. The Debtor denies all remaining allegations of the paragraph.

53. The Debtor denies the allegations of paragraph 53 of the Motion.

54. To the extent the allegations of paragraph 54 call for a legal conclusion, the Debtor denies the allegations. The Debtor admits that some of the collateral is owned by non-debtor parties related to Mr. Kenneth Torres. The Debtor denies all remaining allegations of the paragraph.

55. To the extent the allegations of paragraph 55 call for a legal conclusion, the Debtor denies the allegations. The Debtor denies all remaining allegations of the paragraph.

56. To the extent the allegations of paragraph 56 call for a legal conclusion, the Debtor denies the allegations. The Debtor denies all remaining allegations of the paragraph.

57. Except as expressly admitted herein, each and every allegation of the Motion is denied.

**DEFENSES TO MOTION**

1. The automatic stay operates to stay, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . any act to create, perfect, or enforce any lien against property of the estate [and] any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(3), (4) and (6).

2. The legislative history of Section 362 indicates that Congress intended that the scope of the automatic stay be sweeping in order to effectuate its protective purposes on behalf of both debtors and creditors:

   The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

   H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840-41, 5963.

3. The automatic stay is designed, *inter alia,* to give the debtor a "breathing spell" after the commencement of a chapter 11 case, shielding debtors from creditor harassment and a multitude of litigation in a variety of forums at a time when the debtor's personnel should be focusing on restructuring. *See, e.g., SJ. Acquisition, Inc. v. Eastway Delivery Service, Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1146 (5th Cir. 1987) (stating that the automatic stay "imposes a moratorium on all actions against the debtor or its property and assets" and thereby "ensures a respite for the debtor so that it may attempt to reorganize or decide to liquidate and promotes the overriding policy of equal distribution of a debtor's assets among creditors"); *Taylor v. Slick,* 178 F.3d 698, 702 (3rd Cir. 1999).

4. The automatic stay extends to all matters which may have an effect on a debtor's estate enabling bankruptcy courts to ensure that debtors have the opportunity to rehabilitate and reorganize their operations. *See, e.g., Manville Corp.* v. *Equity Security Holders Comm. (In re Johns-Manville Corp.),* 801 F.2d 60, 62, 63-64 (2d Cir. 1986); *see also Fidelity Mortgage Inv. v. Camelia Builders, Inc.,* 550 F.2d 47, 53 (2d Cir. 1976) ("Such jurisdiction is necessary to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the process of reorganization.").

5. As to the Bank's Motion, the Bank seeks relief under Section 362(d)(1), for cause, "including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(l). Second, the Bank seeks relief under Section 362(d)(2), which provides that the Court can grant relief from stay "with respect to a stay of an act against property under subsection (a) of this section, if -- (A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization . . . ." 11 U.S.C. § 362(d)(2).

6. Under Section 362(d)(l), the Bank has the initial burden of proving "cause" by demonstrating "an erosion or threatened erosion of its secured position in order to shift the burden to the Debtor." *In re Anthem Communities/RGB, LLC*, 267 B.R. 867, 875 (Bankr.D.Colo. 2001) (holding the creditor failed to satisfy its initial burden of establishing "cause."); *see also In re Steffens*, 275 B.R. 570, 574 (Bankr.D.Colo. 2002) (Brooks, J.) (citing *Anthem Communities*). To demonstrate an erosion of its position, the Bank must demonstrate that certain factors weigh in its favor, and "[i]t may be necessary to show a combination of these factors and/or to show that the circumstances as a whole are sufficient to jeopardize the creditor's interest in the property." *Id.* at 871; *see also* 11 U.S.C. § 362(d)(1); *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988).

7. In addition to demonstrating erosion of its position in the Collateral, the Bank is also required to "show that the threatened harm is attributable to the stay." *Anthem Communities*, 267 B.R. at 875. For example, "[f]uture interest accruals, property taxes and mechanic's liens are relevant to the extent that they demonstrate a post-petition erosion of the creditor's secured claim. If hidden liens and/or lack of equity existed pre-petition, then they do not reflect erosion that is attributable to the stay." *Id.* at 874. However, if there is no equity in the property, then the creditor "is not entitled to adequate protection to cover future interest accruals." *Id.*

8. The Bank does not fully address other factors set forth in *Anthem Communities* in its Motion. Indeed, the following *Anthem Communities* considerations weigh in favor of the Debtor and against a finding of "cause":

   a. The Collateral is insured.
   b. The Bank does not have any proof that the value of the Collateral is declining.
   c. Any future tax obligations, liens or judgments are purely speculative and do not affect the Bank's lien at this date.
   d. The value in the Bank's collateral is being maintained by the Debtors as part of its post-petition operations, including repairs and maintenance to the personal property.
   e. The Bank's collateral has greater value by the use of the Debtor in its ongoing operations that by a forced liquidation.

9. To the extent that the Debtor missed any post-petition payments to the Bank, the Debtor cured such obligations prior to the filing of this Motion. The Bank has since acknowledged the Debtor's cure. The Debtor intends to maintain its post-petition obligations to the Bank and to continue to make the monthly payments under the loan agreements. The Bank's position and the Collateral are not being eroded given such payments. The Bank is therefore not entitled to relief from stay.

10. As to relief from stay under Section 362(d)(2), such relief may not be granted "with respect to a stay of an act against property unless (A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization . . . ." 11 U.S.C. § 362(d)(2). Even if there is no equity in the Collateral, the Motion should be denied because the Collateral is necessary for an effective reorganization.

11. Here, the Debtor's equipment and personal property are necessary to an effective reorganization because they are "essential for an effective reorganization that is in prospect." *Timbers*, 484 U.S. at 375. For there to be an "effective reorganization that is in prospect" there must be "a reasonable possibility of a successful reorganization within a reasonable time." *Id.* (internal citation omitted). After *Timbers*, nearly every reported decision addressing the § 362(d)(2)(B) factor focuses on the word "effective" and not "necessary." This is likely due to the fact the Supreme Court emphasized the language "that is in prospect" in the above-quoted excerpt, and not the word "essential" for a reorganization.

12. Prior to the filing of the Bank's Motion, the Debtor was in negotiations with the Bank over treatment of the Bank's claim. The Debtor provided a draft of its intended plan of reorganization which provides that the Debtor will maintain its obligations to the Bank post-confirmation.

13. The Debtor also provided drafts of its plan to various creditors, including Ford Motor Credit and Komatsu. Such creditors have indicated their initial support of the Debtor's plan of reorganization.

14. As evidenced by the Debtor's monthly operating reports, the Debtor has sufficient revenue to fund an effective reorganization which is in prospect. Because the Collateral is necessary to an effective reorganization, the Motion should be denied as the Bank has not satisfied the requirements of 11 U.S.C. § 362(d)(2).

WHEREFORE, the Debtor respectfully requests that this Court deny the Bank's Motion, and that the Court grant such other and further relief as this Court deems appropriate.

Dated this 14th day of August, 2013.

Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.

*/s/ Kenneth J. Buechler*
_____
Kenneth J. Buechler, #30906
1621 18th Street, Suite 260
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
ken@kjblawoffice.com
ATTORNEYS FOR THE DEBTOR

## CERTIFICATE OF SERVICE OF MOTION

The undersigned certifies that on August 14, 2013, I served by prepaid first class mail [or (other acceptable means, i.e. via hand delivery] a copy of the **RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**, together with all attachments thereto, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

| | |
|---|---|
| Steven L. McConnell<br>Kamm & McConnell, LLC<br>PO Box 1148<br>Raton, NM 87740 | Diamond T. Enterprises, LLC<br>208 Prospect St., Ste. A<br>Trinidad, CO 81082 |
| Kent H. Borges<br>24 S. Weber St., Ste. 400<br>Colorado Springs, CO 80903 | Terry Ehrlich<br>7691 Shaffer Pkwy., Ste. A<br>Littleton, CO 80127 |
| James B. Holden<br>1300 Broadway, 8th Floor<br>Denver, CO 80203 | Sheldon R. Singer<br>10484 Marty<br>Overland Park, KS 66212 |
| Shannon Weigel<br>2000 S. Colorado Blvd.<br>Tower Two, Ste. 700<br>Denver, CO 80222 | Alan K. Motes<br>US Trustee<br>999 18th Street, Ste. 1551<br>Denver, CO 80202 |

Dated: August 14, 2013
By: _/s/ Sharon E. Fox_
For Buechler Law Office, L.L.C.